### THE UNITED STATES, APPELLANTS, *v.* JOSE ANTONIO ALVISO.

Where proceedings for a grant of land in California were commenced by a Mexican in 1838, and continued from time to time and the claimant has been in possession since 1840, and no suspicion of the truth of the claim exists, this court will not disturb the decree in his favor made by the court below.

THIS was an appeal from the District Court of the United States for the northern district of California.

The case is stated in the opinion of the court.

It was argued by *Mr. Stanton* for the United States, and by *Mr. Robinson* and *Mr. Leigh* for the appellee.

The arguments upon the value of the title are omitted.

Upon the subject of possession, the counsel for the appellee said:

In such a case as this, lapse of time may operate for, but not against, the petitioner. As was said by the Court of Appeals of Virginia, its weight "is thrown in favor of the party who insists that the state of things existing during that lapse shall not be disturbed."

Evans, &c., *v.* Spengin, &c., 11 Grat., 622.

In these cases the court said: "The appellees seek only to preserve the existing state of things; they and those under whom they claim have been in possession of the subject in controversy, and have held it since August, 1809, at least. They are demanding nothing at the hands of the appellants; they seek to defend their long-continued actual possession by

United States v. Alviso.

means of their superior equitable title—a title fully proved by the direct testimony, and confirmed by the lapse of time. There is nothing on the record on which to found the allegation that the appellees, or those under whom they claim, have abandoned or waived their rights; on the contrary, from 1805 or from 1809 they have, in the most emphatic manner, asserted these rights, by holding and enjoying their property.' With a change of dates, according to the facts, these remarks emphatically apply to the present case.

Mr. Justice CAMPBELL delivered the opinion of the court.

The appellee was confirmed in his claim to two square leagues of land in the county of Santa Cruz, and known as La Canada de Verde y Arroyo de la Purissima, by the board of commissioners and the District Court of California.

His testimony consists of a petition by his brother (Jose Maria Alviso) to the Governor of California, in 1838, for a grant of the land, and permission to occupy it, while the proceedings for the perfection of his title were pending. This petition was granted, and the administrator of the ex-mission of San Francisco, de Assis, was directed to make a report upon the subject.

In 1839, this order was exhibited to the prefect of that district, who agreed to reserve the land for the claimant, and that the claimant might occupy it, referring him to the Governor for a complete title. In 1840, the administrator reported that the land was unoccupied, and was not recognised as the property of the mission or of any private person. The claimant has a conveyance from his brother, the petitioner, dated in 1840.

The testimony shows that his occupation commenced in 1840, and has continued for fourteen years; that he has improved and cultivated the land, and that his family have resided on it.

The claimant appears to have been a citizen of the Department, and no objection was made or is suggested why he should not have been a colonist of that portion of the public domain he has solicited. No imputation has been made against the

integrity of his documentary evidence, and no suspicion exists unfavorable to the bona fides of his petition, or the continuity of his possession and claim. He has been recognised as the proprietor of this land since 1840.

Under all the circumstances of the case, the court is not willing to disturb the decrees in his favor.

Decree of the District Court affirmed.